```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KIMBERLY DILLON,

                        Plaintiff,           10-CV-6112T

              v.                             DECISION
                                             and ORDER
UNITED STATES OF AMERICA,
UNITED STATES POSTAL SERVICE,
ROSE TRUCKING CO., and
DIRENZO'S JANITORIAL SERVICE, INC.

                        Defendants.
_____
```

## INTRODUCTION

Plaintiff Kimberly Dillon ("Dillon") brings this action against defendants the United States of America (the "United States"), the United States Postal Service (the "USPS") (collectively the "Government" or the "Post Office"), Rose Trucking Co. ("Rose") and Direnzo's Janitorial Service, Inc. ("Direnzo") seeking damages for injuries allegedly sustained from a slip and fall in a Post Office parking lot. According to the plaintiff, the defendants were negligent in maintaining the parking lot and sidewalk area of the post office, located in Fairport, New York, and allowed ice and snow to accumulate, causing plaintiff to slip and fall while walking out of the post office. The Government has filed cross-claims for indemnification against Rose and Direnzo, who contracted with the Post Office to remove snow and ice from the parking lot and sidewalks respectively.

On January 30, 2012, Rose and Direnzo each filed separate motions for summary judgment against Dillon and the Post Office.

Rose and Direnzo argue, respectively, that neither party owes a duty of care to Dillon, and therefore neither party can be held liable in tort to the plaintiff. With respect to the USPS, Rose and Direnzo claim that they satisfied their contractual obligations to promptly remove snow and ice accumulations, and therefore cannot be held liable to the Post Office for breach of contract or indemnification.

Dillon does not oppose Rose and Direnzo's motions with respect to their claim that they owed no duty of care to her, and therefore cannot be held liable directly to her for negligence. Dillon claims, however, that summary judgment in favor of Rose and Direnzo on all claims is inappropriate because Rose and Direnzo are contractually obligated to indemnify the USPS for her injuries.

The Post Office opposes Rose and Direnzo's motions for summary judgment, and cross-moves for partial summary judgment seeking a declaration that Rose and Direnzo are contractually obligated to indemnify the USPS. Rose and Direnzo both oppose the USPS's motion arguing that the question of contract interpretation is moot because neither acted negligently.

For the reasons set forth below, I grant in-part and deny in-part Rose and Direnzo's motions for summary judgment. I find that because Rose and Direnzo have established that they owed no direct duty of care to the plaintiff, they may not be directly held liable in negligence to the plaintiff, and accordingly, I grant their

motions to dismiss plaintiff's negligence claims against them. I find, however, that neither Rose nor Direnzo is entitled to summary judgment against the Post Office on the issue of indemnification, and I therefore deny their motions for summary judgment against the Post Office. Finally, I find that the contracts at issue between Rose and Direnzo, respectively, and the Post Office require Rose and Direnzo to indemnify the Post Office, and I therefore grant the Post Office's motion for partial summary judgment against Rose and Direnzo on the issue of contractual indemnification.

## **BACKGROUND**

According to the Amended Complaint, on the morning of March 10, 2008, Plaintiff Kimberly Dillon drove to the United States Post Office located at 6740 Pittsford-Palmyra Road in Fairport, New York (the "Fairport Post Office"). Upon arriving at the Post Office, Dillon parked her car in the Post Office parking lot, and then walked into the Post Office. According to Dillon, upon exiting the Post Office she walked back along the sidewalk to the parking lot and as she stepped down from the sidewalk to the parking lot, she slipped and fell on ice left along the curb, and as a result suffered injuries to both of her wrists.

According to the Post Office, between March 7 and 9, 2008, upstate New York was hit with one of the worst winter storms of the season, which dropped more than fifteen inches of snow over the Rochester area, including Fairport, New York. The Post office

claims that temperatures during this time ranged from above to well-below freezing causing some of the fallen snow to melt and re-freeze into ice.

It is undisputed that Rose and Direnzo each had contracts with the USPS for snow removal at the Fairport, New York location. According to the Post Office, pursuant to its contract with Rose, Rose was responsible for removing snow from the parking lot anytime three or more inches of snow fell, and for plowing or salting on request. Direnzo provided janitorial services for the Post Office, and as part of its agreement to provide such services, was responsible for removing snow from sidewalks and salting sidewalks. Rose and Direnzo each assert that despite their contractual obligations, Post Office employees retained some supervision and snow removal duties for both the parking lot and sidewalks.

## DISCUSSION

### I. Jurisdiction, Choice of Law, and Standard of Review

This Court has jurisdiction over Plaintiff's claim against the Government pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346. This Court has supplemental jurisdiction over Plaintiff's negligence claims against Rose and Direnzo pursuant to 28 U.S.C. § 1367(a) (granting supplemental jurisdiction over any claims that "form part of the same case or controversy" when the court has an independent basis for subject matter jurisdiction).

The Federal Tort Claims Act provides that the law applied to tort claims against the government is the "law of the place where the act or omission occurred," in this case New York. 28 U.S.C. § 1346(b)(1); see Caban v. United States, 728 F.2d 68, 72 (2d Cir. 1984). In contrast, the Government's contractual indemnification claim is governed by federal law because the claim arises from a federal contract. See United States v. Seckinger, 397 U.S. 203, 209, 90 S. Ct. 880, 884, 25 L. Ed. 2d 224 (1970).

Rule 56 of the Federal Rules of Civil Procedure ("Rule 56") provides that summary judgment shall be granted if the pleadings and evidence show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the initial burden to demonstrate the absence of any genuine issue of material fact or to show that the non-moving party "has failed to make a sufficient showing on an essential element" of its claim. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to show the existence of a disputed issue of material fact, Boyce v. Bank of New York, 226 F. App'x 17, 18 (2d Cir. 2006), or make a showing sufficient "to establish the essential elements [] on which it bears the burden of proof at trial," Liles v. New York City Dept. of Educ., 516 F. Supp. 2d 297, 307 (S.D.N.Y. 2007). The court must decide if the moving party has met its burden of production and is entitled to summary judgment even if the motion

is unopposed. Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 242, 244 (2d Cir. 2004). In considering the motion, all evidentiary inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. Gallo v. Prudential Residential Services, 22 F.3d 1219, 1223 (2d Cir. 1994).

> II. Rose and Direnzo's motion for summary judgment to dismiss Dillon's tort claims.

To state a claim of negligence against a defendant, a plaintiff must, inter alia, establish that the defendant owed a duty of care to the plaintiff. See Palka v. Servicemaster Mgmt. Services Corp., 83 N.Y.2d 579, 584-85, 634 N.E.2d 189, 192 (1994). The existence and scope of a duty of care is a question of law. Church ex rel. Smith v. Callanan Indus., Inc., 99 N.Y.2d 104, 110-11, 782 N.E.2d 50, 52 (2002). In the instant case, although Dillon now concedes that neither Rose nor Direnzo owed a duty of care to her, she alleged in her Amended Complaint that Rose and Direnzo did owe her a duty of care based on their contractual obligations to the Post Office to remove snow and ice from the parking lot and sidewalks of the Fairport Post Office.

I find, however, that plaintiff has failed to establish that Rose or Direnzo owed her a duty of care with respect to their contractual obligations to the USPS to remove snow from the Fairport Post Office. Generally, a contractual obligation between two parties does not create a legal duty between a party to the

contract and a person not a party to the contract. Id. While New York State recognizes some exceptions to that none of the exceptions apply in this case. Specifically, under New York law, a plaintiff not a party to a contract can establish a duty of care arising from a contract:

> (1) where the promisor unleashes a force of harm while fulfilling its contractual obligations,
>
> (2) where a third-party reasonably relied on the promisor's continuing performance of the contractual obligation and suffered injury as a result, and
>
> (3) where the promisor took over and displaced the promisee's duty to a third-party.

Id. at 111-12, 782 N.E.2d at 53.

A person does not unleash a force of harm when the purpose of the contractual obligation he is undertaking is to mitigate a preexisting risk. Church, 99 N.Y.2d at 112, 782 N.E.2d at 53. In the context of snow removal, a person "cannot be said to have created or exacerbated a dangerous condition" even if "residual snow and ice" remain after plowing. Espinal v. Melville Snow Contractors, Inc., 98 N.Y.2d 136, 141-42, 773 N.E.2d 485, 489 (2002). On the morning of March 10, Rose removed snow from the Post Office's parking lot. See Ex. 15 to O'Connor Affidavit, Invoice #543. Direnzo's employee shoveled and salted the sidewalks. See Ex. I in Chelus Declaration, Deposition of Maryanne Beldue, at 22. Both Rose and Direnzo's actions attempted to

mitigate the dangers caused by a build up of snow and ice, and neither Dillon nor the Government suggest that either created or exacerbated the condition. Accordingly, I find that neither Rose nor Direnzo "unleashed a force of harm."

Nor has plaintiff established that she detrimentally relied on the contracts between Rose and Direnzo, respectively, and the USPS. To establish detrimental reliance on promises contained in a third-party contract, a plaintiff must demonstrate that he or she had knowledge of the contractual obligations on which he or she allegedly relied. See Occhino v. Citigroup Inc., CV-03-5259 (CPS), 2005 WL 2076588 (E.D.N.Y. Aug. 26, 2005). In this case, there is no evidence suggesting that Dillon, prior to her slip and fall, had any knowledge of Rose and Direnzo's snow removal duties. Accordingly, I find that the "detrimental reliance" exception to liability based on a third-party contract does not apply here.

Finally, Dillon has failed to establish that either Rose or Direnzo entirely displaced the Post Office's duties to its customers. A landowner's duty to maintain its premises in a safe condition can only be displaced with a comprehensive and exclusive property maintenance agreement. Espinal, 98 N.Y.2d at 141, 773 N.E.2d at 489. An agreement to remove snow only upon request or after a certain amount of snowfall does not fully displace the property owner's duty. Id.

Rose's contract provided that it would remove snow from the parking lot upon the conditions of either three or more inches of snowfall or at the request of the USPS. Direnzo's contract limited its duties to shoveling and salting the sidewalks as part of its janitorial services. The USPS retained supervision of both areas. Neither contract was a comprehensive or exclusive maintenance agreement whereby either Rose or Direnzo assumed complete responsibility for maintaining the Post Office property in a safe condition. Accordingly, the third exception listed above does not apply, and as a result, plaintiff has failed to establish that either Rose or Direnzo owed her a duty of reasonable care. I therefore grant Rose and Direnzo's motions for summary judgment dismissing Dillon's negligence claims against them.

III. Contractual Indemnification

Pursuant to Rose and Direnzo's respective contracts with the Post Office, the Post Office seeks indemnification from Rose and Direnzo should it be found liable for plaintiff's injuries. Rose and Direnzo move for summary judgment against the Post Office seeking dismissal of the Government's indemnification claim on grounds that they were not negligent in carrying out their duties under their respective contracts, and therefore are not required to indemnify the Government. The Post office opposes Rose and Direnzo's motions, and cross-moves for partial judgment in its favor on the issue of indemnification. Specifically, the

Government seeks a declaration that pursuant to their respective contracts, Rose and Direnzo are obligated to indemnify the Post Office should it be found liable for Dillon's injuries. For the reasons set forth below, I find that there are material questions of fact as to whether or not Rose or Direnzo acted negligently which preclude granting their motion for summary judgment. I further find that as a matter of law, under the contracts entered into by Rose and Direnzo with the Post Office, Rose and Direnzo each owe an independent, and slightly different, obligation of indemnification to the Post Office.

    A.    Questions of Fact exist as to whether or not Rose or Direnzo negligently performed their snow removal <u>duties</u>.

The plaintiff alleges that she sustained her injury when she slipped on snow and ice that had built up between the curb of the Post Office sidewalk and the parking lot. At the time of the accident, Dillon states that she observed ice "caked" between the sidewalk and the parking lot along the curb. <u>See</u> Ex. H in Chelus Declaration, Deposition of Kimberly Dillon, at 30. Although there is evidence that Rose and Direnzo had plowed and shoveled the areas in question, there is no evidence in the record to establish as a matter of law that neither party was negligent in removing snow or ice from the area. Whether there was a build up of ice and/or snow in the area where plaintiff fell, and whether the build up was unreasonable under the conditions and was the proximate cause of

plaintiff's injuries are questions of fact that cannot be properly decided on summary judgement. Indeed, Rose concedes that "there are questions concerning whether Rose Trucking Co. was negligent" with respect to removal of snow from the parking lot. <u>See</u> Rose Opp. at 2. Accordingly, I deny Rose and Direnzo's motions for summary judgment against the Post Office.

    B.    <u>Rose and Direnzo are obligated to indemnify the Post Office</u>

A duty to indemnify may be created by the contractual relationship between the indemnitor and the indemnitee. <u>See</u> <u>McDermott v. City of New York</u>, 50 N.Y.2d 211, 216, 406 N.E.2d 460, 462 (1980). Where a duty to indemnify exists, an indemnitor may be required to indemnify an indemnitee for injuries to a third-party based on its contractual obligations, despite owing no independent legal duty to the injured third-party. <u>See</u> <u>Raquet v. Braun</u>, 90 N.Y.2d 177, 183, 681 N.E.2d 404, 407 (1997). In the instant case, the Post Office contends that the contracts entered into by the parties contained provisions requiring Rose and Direnzo to indemnify the Post Office for injuries occurring to third-parties.

In interpreting the indemnification provisions at issue in this case, this Court is guided by the Second Circuit Court of Appeals' Decision in <u>Gibbs v. United States</u>, 599 F.2d 36, 40 (2d Cir. 1979), where the Court of Appeals construed an indemnification provision substantially similar to the provisions before this

court. The provision in Gibbs, and those at issue here, provide that:

> The Contractor shall save harmless and indemnify ... all claims ... resulting from ... any personal injury ... growing out of ... any work performed under or related to this contract...[1]

In interpreting this provision, the Second Circuit held that the contract language expressly established an obligation by the Contractor to indemnify the Government, regardless of whether or not the Contractor acted negligently. It further held that the language "save harmless and indemnify ... for all claims" was a strong and explicit agreement that the Contractor would fully indemnify the USPS even for liability that resulted from the USPS's own negligence. See Gibbs, 599 F.2d at 41-42. The Second Circuit's interpretation of the scope of indemnification in Gibbs is controlling here. However, since the last phrase of the indemnification provisions in Rose and Direnzo's contracts differ slightly from each other and from the provision in Gibbs, this Court must consider each separately.

---

[1] The indemnification provision at issue in Gibbs provided that: "The Contractor shall save harmless and indemnify the Postal Service and its officers, agents, representatives, and employees from all claims, loss, damage, actions, causes of action, expense and/or liability resulting from, brought for, or on account of any personal injury or property damage received or sustained by any person, persons, or property growing out of, occurring, or attributable to any work performed under or related to this contract, regardless of whether such claims, loss, damage, actions, cause of actions, expense and/or liability may be attributable to the fault, failure, or negligence of the Contractor." See Gibbs v. United States, 599 F.2d 36, 40 (2d Cir. 1979).

1. The Direnzo Contract

The indemnification provision in Direnzo's contract provides that:

> The contractor shall save harmless and indemnify the Postal Service and its officers, agents, representatives, and employees from all claims, loss, damage, actions, causes of action, expense and/or liability resulting from, brought for, or on account of any personal injury or property damage received or sustained by any person, persons, or property growing out of, occurring, or attributable to any work performed under or related to this contract, <u>regardless of whether such claims, loss, damage, actions, cause of actions, expense and/or liability may be attributable to the fault, failure, or negligent acts or omissions of the contractor</u> . . . .

See Ex. G in Chelus Declaration, at 44.  (emphasis added)  This provision is almost identical to provision construed in Gibbs, and therefore, following the Second Circuit's interpretation of this provision, I find that this provision puts no limit on the grant of full indemnification by Direnzo to the USPS.  Accordingly, I find that Direnzo must fully indemnify the USPS even if the USPS is found liable for Dillon's injuries, and those injuries are found to have grown out of, occurred, or were attributable to any work performed under or related to Direnzo's contract, regardless of whether Direnzo acted negligently.

2.   The Rose Contract

The indemnification provision of Rose's contract provides that:

> The contractor shall save harmless and indemnify the Postal Service and its officers, agents, representatives, and employees from all claim, loss, damage, actions, causes of action, expense and/or liability resulting from, brought for, or on account of any personal injury or property damage received or sustained by any person, persons, or property growing out of, occurring, or attributable to any work performed under or related to this contract, <u>resulting in whole or in part from the negligent acts or omissions of the contractor...</u>

<u>See</u> Ex. C in Carlson Declaration, Rose Contract 2.1(f), at 7-8 (emphasis added)

By inclusion of the phrase "resulting in whole or in part from the negligent acts or omissions of the contractor" the indemnification provision contemplates that Rose will fully indemnify the USPS only if Rose acted negligently. Accordingly, I find that Rose must fully indemnify the USPS if it is later found that Dillon's injuries grew out of, occurred, or were attributable to Rose's negligence, regardless of whether the USPS was also negligent.

Rose argues that it is premature to consider whether or not it is obligated to indemnify the Post Office because under New York law, a contract providing for indemnification despite the indemnitee's negligence is void under certain circumstances. <u>See</u> N.Y. Gen. Oblig. Law § 5-322.1 (McKinney). Accordingly, under New York law, a party seeking indemnification from another party must first prove that it itself was not negligent before it can attempt

to invoke indemnification. See Cava Const. Co., Inc. v. Gealtec Remodeling Corp., 58 A.D.3d 660, 662, 871 N.Y.S.2d 654 (2009); see also N.Y. Gen. Oblig. Law § 5-322.1 (McKinney). In this case, however, federal, not State law applies, and pursuant to the Second Circuit's decision in Gibbs, an indemnitor can be required to indemnify an indemnitee even where the indemnitee has acted negligently. Accordingly, because as a matter of law Rose may be required to indemnify the Post Office even if the Post Office is found to have acted negligently, it is not premature to make such a finding.

## **CONCLUSION**

For the reasons set forth above, I grant in-part and deny in-part Rose and Direnzo's motions for summary judgment, and grant the Government's motion for partial summary judgment. Because Dillon has failed to establish that either Rose or Direnzo owed the plaintiff a duty of care, I grant Rose and Direnzo's motions to dismiss her negligence claims against them. Because a question of fact exists as to whether or not Rose, Direnzo, or the Post Office acted negligently in allegedly causing the plaintiff's injuries, I deny Rose and Dirrenzo's motions for summary judgment seeking a declaration that they are not obligated to indemnify the Post Office should it be found liable for Dillon's injuries.

I find that the Government has established as a matter of law that Rose and Direnzo each owe a contractual obligation of

indemnification to the Post Office as provided in their separate agreements. Accordingly, I find that Rose must fully indemnify the USPS if it is found that Dillon's injuries were attributable to Rose's negligence. I find that Direnzo must fully indemnify the USPS pursuant to its agreement provided the USPS is found liable for Dillon's injuries, and her injuries are found to be attributable to any work performed under or related to Direnzo's contractual obligations.

**ALL OF THE ABOVE IS SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   July 18, 2012
         Rochester, New York